**In the United States District Court**
**Northern District of Ohio**
**Eastern Division**

| | | |
|---|---|---|
| **Fayez Abboud** | : | **Case No.** |
| **10457 Winchester Court** | : | |
| **North Royalton, Ohio 44133** | : | **Judge** |
| | : | |
| **and** | : | **Complaint, Request for Declaratory** |
| | : | **and Injunctive Relief and for** |
| **Joseph Semaan** | : | **Temporary Restraining Order** |
| **27700 Bishop Park Drive** | : | |
| **Willoughby Hills, Ohio 44092** | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **Hon. John P. O'Donnell, J.** | : | |
| **Cuyahoga County Court of Common Pleas** | : | |
| **1200 Ontario Street, Courtroom 18-D** | : | |
| **Cleveland, Ohio 44113** | : | |
| | : | |
| **Defendant** | : | |

Now come Plaintiffs Fayez Abboud and Joseph Semaan (hereinafter collectively "Plaintiffs"), by and through undersigned counsel, and for their complaint against Defendant the Honorable John P. O'Donnell, Judge, Cuyahoga County Court of Common Pleas (hereinafter "Defendant") hereby state as follows:

<u>PARTIES AND JURISDICTION</u>

1. Fayez Abboud (hereinafter "Fayez") is a natural person whose residence is located at 10457 Winchester Court, North Royalton, Ohio 44133.

2. Joseph Semaan (hereinafter "Semaan") is a natural person whose residence is located at 27700 Bishop Park Drive, Willoughby Hills, Ohio 44092.

3. Defendant is a judge of the Cuyahoga County Court of Common Pleas presiding over the matter *David J. Horvath v. Elie Fayez Abboud, et al.*, Case Number CV-17-885126 (hereinafter the "state court action").

4. This Court has jurisdiction over the claims herein asserted pursuant to 28 U.S.C. § 1331.

5. This Court has jurisdiction to afford the injunctive relief herein requested notwithstanding the federal anti-injunction statute (28 U.S.C. § 2283) because the right to such relief arises under 42 U.S.C. § 1983. *Mitchum v. Foster*, 407 U.S. 225 (1972).

<u>FACTUAL ALLEGATIONS</u>

6. The instant action is brought to enjoin Defendant's orders in the state court action, to which action Plaintiffs are not parties, which orders violate the United States Constitution's prohibition against the deprivation of Plaintiffs' property rights without due process of law.

7. In 2017, David J. Horvath (hereinafter "Horvath") obtained a judgment in the amount of $18,200.00 against Elie Abboud (hereinafter "Elie"), Fayez's father.

8. Subsequently, Horvath brought the state court action, which was assigned to Defendant, seeking to execute upon the judgment against Elie's purported ownership interests in the Ohio corporations Tamuz Management Inc. (hereinafter "Tamuz") and Grossman DT Inc. (hereinafter "Grossman").

9. Horvath alleged that Fayez Abboud, the son and owner of Grossman DT, is the same person as Elie Abboud, the father. However, they are not the same person and Elie does not possess any ownership interest in Grossman, which is entirely owned by Fayez (CEO and 51% owner) and Semaan (Vice President and 49% owner) by virtue of their respective possession of the entirety of the duly issued shares of the corporation's authorized stock.

10. Nevertheless, notwithstanding the lack of an ownership interest in Grossman on the part of Elie as evidenced by the discovery produced by Grossman as well as explained during a court hearing, or of any other basis for holding the corporation liable for Elie's

personal debts, Defendant proceeded to enter judgment against Grossman and to place the corporation into receivership.

11. The receiver appointed by Defendant has advised of his imminent intention to cease the corporation's business activities, liquidate its assets, and apply the proceeds to his fees at the rate of $225.00 per hour and the fees of his attorneys at $550.00 per hour and to Horvath's judgment.

12. Specifically, the receiver has indicated that unless Grossman accedes in the voluntary payment of a debt for which it is not liable and the exorbitant fees generated in the effort to coerce it to do so, he will close Nemo's Beverage, the contract state liquor agency whose operation constitutes the entirety of Grossman's business activities, and will surrender without compensation its agency contract with the State of Ohio, which itself comprises the bulk of the total value of Grossman's assets, which is approximately One Million Three Hundred Thousand Dollars ($1,300,000.00).

13. The threatened actions of the receiver are grossly disproportional in that they would entail the wasteful liquidation, including, in the case of the agency contract, the outright waste of assets whose value is far in excess of the $18,200.00 that Horvath states is owed by Elie. The actions are clearly counterproductive in that they would entail the cessation of generation of revenues from which to satisfy the judgment, and are transparently calculated to force Grossman to pay Elie's debt under duress.

14. Defendant's orders in the state action, as they are imminently to be carried into effect by the receiver as the agent of the court, violate the due process clause of the United States Constitution as they would result in the deprivation of Plaintiff's property interests in their stock in Grossman, constituting a one hundred percent interest, in a proceeding to which they are not parties and in a manner other than the exclusive statutory means for the judicial divestiture of shareholders' rights in corporate stock.

## COUNT ONE: 42 U.S.C. § 1983

15. Plaintiffs incorporate by reference and restate the allegations set forth in the preceding paragraphs 1 through 14.

16. 42 U.S.C. § 1983 provides that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

17. The conduct of Defendant as heretofore described, as to be imminently carried into effect by the receiver, constitutes the deprivation of Plaintiffs' property rights without due process of law under the color of the authority to appoint a receiver conferred upon Defendant by state statute.

18. The instant matter falls within the exception to judicial immunity to suit for injunctive relief pursuant to 42 U.S.C. § 1983 because declaratory relief is unavailable to the extent that a hypothetical future declaratory judgment as to the unconstitutionality of Defendant's conduct will not suffice to prevent in the meantime the imminent irreparable injury which this action is brought to enjoin, and Plaintiffs are without any other adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A.     Enter a declaratory judgment that Defendant's orders as to the receiver in the state court action are unconstitutional as to Plaintiffs in violation of their right to due process of law; and

B.     Grant a permanent injunction as to the enforcement of such orders; and

C.     Grant a temporary injunction as to the enforcement of such orders pending the disposition of Plaintiffs' request for a permanent injunction; and

D.     Grant an immediate temporary restraining order as to the enforcement of such orders pending the disposition of Plaintiffs' request for a temporary injunction.

Respectfully submitted,

/s/ Myron P. Watson, Esq.
MYRON P. WATSON, ESQ.
Reg. No.:  0058583
1144 Rockefeller Bldg.
614 West Superior Avenue
Cleveland, OH  44113
(216) 274-1100
(216) 575-7664 Fax
myronwatson@ymail.com
Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on this 24TH day of September, 2018, a copy of the foregoing Notice of Appeal was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ Myron P. Watson, Esq.
MYRON P. WATSON, ESQ.
Attorney for Plaintiffs